MEMORANDUM **
Relator Michael Darrig appeals the district court’s grant of summary judgment in favor of defendant Medical Consultants Network, Inc. (“MCN”). Darrig brought suit under the False Claims Act (“FCA”), 31 U.S.C. § 3729, alleging that MCN’s invoices to the Department of Labor failed to comply with the contracts between the two parties. The district court found that Darrig had not presented evidence to support an inference that MCN had acted with scienter, as required by the FCA, and therefore granted MCN’s motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
The FCA “provides penalties for one who ‘knowingly presents ... a false or fraudulent claim’ to the government.” Wang v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir.1992). To establish the required scienter, a relator must show that the defendant (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information. Id. at 1420. The district court in this case held that Darrig had presented no evidence of anything more than mistake or negligence on the part of MCN, and that such evidence was insufficient under the FCA.
We disagree. Darrig presented evidence concerning three doctors in MCN’s network. The evidence supports a conclusion that all three doctors were out of compliance with contractual requirements when MCN submitted bills based upon their examinations. Given the fact that all three doctors were out of compliance, a jury could reasonably conclude that MCN *431 was acting at least in reckless disregard of the truth when it made claims for payment based on their services.
While the district court assumed without deciding that the invoices submitted by MCN qualified as “false claims,” MCN argues on appeal that they do not. U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall, 355 F.3d 1140, 1144 (9th Cir.2004) (noting that an appellate court may affirm a grant of summary judgment on any ground supported by the record). Therefore, it argues, without a false claim, there can be no suit under the FCA. We disagree.
Our cases have previously held that a claim for payment made to the federal government by a private party pursuant to a contract can be a false claim if the private party failed to satisfy its contractual obligations. See, e.g., U.S. ex rel. Lindenthal v. Gen. Dynamics Carp., 61 F.3d 1402, 1410 (9th Cir.1995) (addressing a false claim that involved a contractor’s failure to satisfy the terms of a contract). The 1998 and 2003 contracts required MCN to provide certain services to the Department of Labor, and Darrig has produced evidence that the services performed by the three doctors did not satisfy the conditions of the contracts. Therefore, a reasonable jury could conclude that MCN’s claims for payment constituted false claims under the FCA.
Finally, the district court held that Darrig had failed to present evidence supporting a finding of damages. We disagree. Darrig has presented evidence to support a conclusion that the government would have had no obligation to pay for the doctors’ services at stake in this case. United States v. Mackby, 221 F.Supp.2d 1106, 1112 (N.D.Cal.2002) (citing Peterson v. Weinberger, 508 F.2d 45 (5th Cir.1975)). We leave it to the district court on remand to determine the precise measure of damages if Darrig succeeds in proving liability.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.